RONALD EDWARDS, Plaintiff-Appellant, *v.* RICHARD FOX, Defendant-Appellee.

Third District   No. 3—83—0469

Opinion filed January 26, 1984.

Peter H. Lousberg, of Lousberg, McClean, Snyder and Schwarz, of Rock Island, for appellant.

Richard M. Batcher, of Bozeman, Neighbour, Patton & Noe, of Moline, for appellee.

JUSTICE ALLOY delivered the opinion of the court:

This appeal is brought by way of certification from the trial court (87 Ill. 2d R. 308(a)), and the issue presented is whether, after consolidation of two actions into one, the plaintiff of one of the actions, who is also a third-party defendant in the other action, can voluntarily dismiss his action under section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1009).

The pertinent procedural facts are not in dispute. Plaintiff Ronald Edwards and his wife Lodia Edwards were injured in an automobile accident on May 3, 1981. Ronald was the driver of the auto and Lodia, a passenger, while the driver of the other vehicle was Richard Fox. Lodia Edwards filed a personal injury action against Fox on March 9, 1982, in Warren County Circuit Court. Later, on May 24, 1982, Ronald Edwards filed a separate personal injury action against Fox, the claim also arising from the May 1981 auto accident. At some point prior to a defense motion to consolidate the two actions, the

defendant Fox filed a third-party complaint, seeking contribution from Ronald Edwards, in the action filed by Lodia Edwards. Subsequently, after the filing of Ronald Edwards' separate action, the defense made an oral motion to consolidate the two actions. The plaintiffs objected to any consolidation, but the trial court ordered the two actions consolidated into one. In response, Lodia Edwards filed a motion to sever, contending that her case was ready for trial, while her husband's case was not. The motion to sever was denied.

Thereafter, plaintiff Ronald Edwards filed his motion for voluntary dismissal, pursuant to section 2—1009 of the Code of Civil Procedure. Section 2—1009, in pertinent part, states:

> "(a) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any party thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter the plaintiff may dismiss, only on terms fixed by the court ***. After a counterclaim has been pleaded by a defendant no dismissal may be had as to the defendant except by the defendant's consent." (Ill. Rev. Stat. 1981, ch. 110, par. 2—1009(a).)

Ronald Edwards' motion for voluntary dismissal tendered costs to the defendant and stated (1) that no trial or hearing had commenced and (2) that no counterclaim had been filed against him. Defendant Fox resisted the move for voluntary dismissal, contending that as a result of the consolidation of the two actions, the previously filed third-party complaint against Ronald Edwards, in the Lodia Edwards' suit, was in all but label a counterclaim such as would prevent any dismissal without the defendant's consent. The defendant also noted that the allowance of the voluntary dismissal motion would be contrary to considerations of judicial economy and fairness. The court agreed with the defendant Fox and denied Ronald Edwards' voluntary dismissal motion. The court did, however, accept that the issue was one upon which a substantial ground for difference of opinion existed and it certified the following question for decision on appeal:

> "Whether one Plaintiff can voluntarily dismiss as a matter of right,
>
> (a) Before a hearing has been held in the cause he filed,
>
> (b) When his suit was consolidated over his objection with a separate action brought by a second Plaintiff because the claims arose out of the same automobile accident,
>
> (c) No counterclaim has been filed in the first Plaintiff's cause, but

(d) In the consolidated cause the common Defendant has filed a Third-Party Complaint for contribution in the second Plaintiff's case, the contribution being sought predicated on the alleged negligence of the first plaintiff, who seeks voluntary dismissal of his claim."

We granted leave to appeal on the issue certified.

Appellant Ronald Edwards' emphasis, understandably, is upon the plaintiff's right to a voluntary dismissal, without prejudice, pursuant to section 2—1009, where no trial or hearing had commenced. It is correctly pointed out that such a dismissal is obtainable without regard to leave of court. The defense does not dispute the foregoing, but it points rather to a limitation upon the right to a voluntary dismissal found at the last sentence of 2—1009(a): "After a counterclaim has been pleaded by a defendant no dismissal may be had as to the defendant except by the defendant's consent." (Ill. Rev. Stat. 1981, ch. 110, par. 2—1009(a).) The defense argues, convincingly, that once the consolidation of the two actions had occurred, so that the two actions were one, the third-party complaint against Ronald Edwards for contribution was, in substance and effect, a counterclaim. It is noted that a claim for contribution can be made either by third-party complaint or by counterclaim (Ill. Rev. Stat. 1981, ch. 70, par. 305), with the choice grounded upon whether the person against whom contribution is sought is already a party or not. (Compare Ill. Rev. Stat. 1981, ch. 110, par. 2—608(a), with Ill. Rev. Stat. 1981, ch. 110, par. 2—406(b).) It is clear that had the Edwards' case been originally brought as one action, then the defendant's contribution claim would have been presented by way of counterclaim. Instead, where Ronald Edwards was not a party to the suit brought by his wife, the defendant had to present its claim as a third-party action. The consolidation of the two actions, however, clearly had the effect of merging the two actions, as the court's order makes evident. Thus, the effect of the consolidation was that the individual actions lost their individual identity. (See *Shannon v. Stookey* (1978), 59 Ill. App. 3d 573, 577, 375 N.E.2d 881; *Vitale v. Dorgan* (1975), 25 Ill. App. 3d 941, 944, 323 N.E.2d 616.) The result, so far as the contribution claim of defendant is concerned, was that though labeled a "third-party complaint," it was in substance indistinguishable from a counterclaim. Section 2—608(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—608(a)) defines a counterclaim as "[a]ny claim by one or more defendants against one or more plaintiffs, or against one or more codefendants, whether in the nature of setoff, recoupment, cross claim or otherwise, and whether in tort or contract, for liquidated or unliq-

uidated damages, or for other relief ***."

Under the circumstances presented in this case, we hold that after consolidation, the defendant's third-party claim for contribution was properly considered as a counterclaim, for purposes of applying section 2—1009 of the Code and its rules respecting voluntary dismissals without prejudice. A contrary conclusion would purposelessly promote label over substance and would run contrary to considerations of judicial economy and fairness. We are mindful that in other contexts there are substantial differences between the nature and procedure respecting counterclaims and third-party actions. However, in the context presented in the instant case, the distinctions do not pertain.

The decision of the circuit court of Warren County, denying plaintiff Ronald Edwards' motion for voluntary dismissal was correct, and we affirm.

Affirmed.

SCOTT and HEIPLE, JJ., concur.