(No. 68906.—

MICHAEL S. CARDWELL, M.D., Appellant, v. ROCK-FORD MEMORIAL HOSPITAL *et al.*, Appellees.

*Opinion filed April 18, 1990.—Rehearing*
*denied May 31, 1990.*

272

RYAN, J., took no part.

William T. Cacciatore, of Rockford, for appellant.

Richard R. Haldeman and Stephen E. Balogh, of Williams & McCarthy, of Rockford, for appellees.

John T. Bomher and Mark D. Deaton, of Naperville, and Michael R. Callahan and Laura R. Keidan, of Katten, Muchin & Zavis, of Chicago, for the *amici curiae* Illinois Hospital Association and the Metropolitan Chicago Healthcare Council.

JUSTICE CLARK delivered the opinion of the court:

The sole issue here is whether hospitals and hospital employees are immune from civil liability for the conduct of hospital review committees.

The facts in this case are set forth at length in the appellate court opinion (183 Ill. App. 3d 1072) and need only be summarized here. Appellant, Michael S. Cardwell, M.D., was a doctor employed by appellee Rockford Memorial Hospital Association (the hospital). Appellee Terry A. White (White) is an administrator of the hospital who was appellant's supervisor. On August 29, 1985, four employees of the hospital (including White) formed a committee to confront appellant about the possibility that appellant was suffering from a drug, alcohol, emotional or mental problem which was adversely affecting the quality of appellant's treatment of patients. The committee informed appellant that he would lose his hospital staff privileges unless he underwent a psychiatric examination by a specialist in the treatment of impaired physicians. Appellant eventually

underwent such an evaluation. Except for an indication that appellant did not need hospitalization for his alleged problems, the record is silent as to the results of the evaluation. Appellant subsequently resigned from the staff of the hospital in early 1986.

On August 26, 1986, appellant filed a two-count complaint against White and the hospital. Appellant later added two additional counts to the complaint. The amended complaint sought to recover damages for slander, coercion, intentional infliction of emotional distress, and intentional interference with contract, because certain statements made by the committee members accusing appellant of alcohol addiction, drug addiction, and/or mental instability were allegedly false and malicious.

White and the hospital filed a joint motion to dismiss the complaint under section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619) on the grounds that White and the hospital were immune from liability for civil damages under section 10.2 of the Hospital Licensing Act (Ill. Rev. Stat. 1985, ch. 111½, par. 151.2) and section 2b of the (now repealed) Medical Practice Act (Ill. Rev. Stat. 1985, ch. 111, par. 4406). The trial court found that the statutes cited by White and the hospital established a qualified immunity. The immunity was qualified, according to the trial court, in that it was not applicable where a party's conduct was willful or wanton. However, the trial court found that affidavits attached to the motion to dismiss established that the conduct of the hospital and White was not willful or wanton. The trial court therefore granted the motion to dismiss.

Appellant appealed the trial court's order, claiming that the trial court erred in concluding that the conduct of White and the hospital was not willful or wanton. The appellate court, however, found that the immunity for White and the hospital was absolute, not qualified, and

therefore White and the hospital were immune even if their conduct had been willful or wanton. (183 Ill. App. 3d at 1076.) Accordingly, the appellate court affirmed the trial court's dismissal of the complaint. (183 Ill. App. 3d at 1079.) We granted appellant's petition for leave to appeal (107 Ill. 2d R. 315(a)). We also granted the Illinois Hospital Association and the Metropolitan Chicago Healthcare Council leave to file a brief as *amici curiae.*

Section 10.2 of the Hospital Licensing Act (Ill. Rev. Stat. 1985, ch. 111½, par. 151.2), at the time the conduct in this case occurred (and at the time appellant filed his initial complaint commencing this action), provided:

"No hospital and no individual who is a member, agent, or employee of a hospital, hospital medical staff, hospital administrative staff, or hospital governing board shall be liable for civil damages as a result of the acts, omissions, decisions, or any other conduct of a medical utilization committee, medical review committee, patient care audit committee, medical care evaluation committee, quality review committee, credential committee, peer review committee, or any other committee whose purpose, directly or indirectly, is internal quality control or medical study to reduce morbidity or mortality, or for improving patient care within a hospital, or the improving or benefiting of patient care and treatment, whether within a hospital or not, or for the purpose of professional discipline. Nothing in this Section shall relieve any individual or hospital from liability arising from treatment of a patient." (Ill. Rev. Stat. 1985, ch. 111½, par. 151.2.)

In 1987, after this complaint was filed, the General Assembly added the following introductory sentence to section 10.2: "Because the candid and conscientious evaluation of clinical practices is essential to the provision of adequate hospital care, it is the policy of this State to encourage peer review by health care providers." (Ill. Rev. Stat. 1987, ch. 111½, par. 151.2 (eff. September 20, 1987).) However, neither party argues, and we do

not find, that the amendment should apply retroactively to this case. See *Mulligan v. Joliet Regional Port District* (1988), 123 Ill. 2d 303, 321 (a statute "cannot be applied retroactively *** without an express statutory provision stating that [the] act is to have retroactive effect").

Under the plain language of section 10.2, "hospital[s] and *** individual[s] who [were] member[s], agent[s], or employee[s] of a hospital, hospital medical staff, hospital administrative staff, or hospital governing board" (Ill. Rev. Stat. 1985, ch. 111½, par. 151.2) were immune from civil liability for the conduct of the types of committees specified in the statute. In the present appeal, there is no dispute that the allegedly wrongful conduct in this case was conduct by a committee specified in the statute and that the appellees in this case, a hospital and a hospital administrator and employee, fell within the protection of the statute. Accordingly, under the plain language of section 10.2, the appellees are immune from civil liability.

Appellant, however, argues that we should read section 10.2 as incorporating an exception for willful or wanton misconduct that was provided for in section 2b of the Medical Practice Act (Ill. Rev. Stat. 1985, ch. 111, par. 4406). Section 2b provided:

> "While serving upon any Medical Utilization Committee, Medical Review Committee, Patient Care Audit Committee, Medical Care Evaluation Committee, Quality Review Committee, Credential Committee, Peer Review Committee, or any other committee whose purpose, directly or indirectly, is internal quality control or medical study to reduce morbidity or mortality, or for improving patient care within a hospital duly licensed under the Hospital Licensing Act, or the improving or benefiting of patient care and treatment whether within a hospital or not, or for the purpose of professional discipline, any person serving on such committee, and any person providing

service to such committees shall not be liable for civil damages as a result of his acts, omissions, decisions, or any other conduct in connection with his duties on such committees, *except those involving willful or wanton misconduct."* (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 111, par. 4406.)

Section 2b thus created an immunity for persons serving on or providing service to the identical types of committees covered by the immunity of section 10.2 of the Hospital Licensing Act (Ill. Rev. Stat. 1985, ch. 111½, par. 151.2).

After the conduct in this case occurred in 1985 (and after appellant filed his initial complaint in this case in 1986), section 2b of the Medical Practice Act was repealed and replaced by similar language in section 5 of the Medical Practice Act of 1987 (Ill. Rev. Stat. 1987, ch. 111, par. 4400—5). The legislature specified that section 5 of the Medical Practice Act became effective on May 22, 1987. As we did with the amendment to section 10.2 of the Medical Licensing Act (Ill. Rev. Stat. 1987, ch. 111½, par. 151.2), we find that section 5 of the Medical Practice Act of 1987 should not be applied retroactively to this case. Instead, the question of immunity in this case must be decided based upon the language of section 2b of the Medical Practice Act (Ill. Rev. Stat. 1985, ch. 111, par. 4406).

Appellant incorrectly argues that section 10.2 incorporated section 2b's exception for willful or wanton misconduct because section 10.2 "specifically state[d] that nothing provided therein would relieve any individual or hospital from liability." What section 10.2 actually stated is that "[n]othing in this Section shall relieve any individual or hospital from liability *arising from treatment of a patient."* (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 111½, par. 151.2.) The liability involved in this case, and provided for in section 2b of the Medical Practice Act, is

not "liability arising from treatment of a patient." Accordingly, section 10.2 of the Hospital Licensing Act did not expressly incorporate the exception for willful or wanton misconduct contained in section 2b of the Medical Practice Act.

We similarly find that the exception contained in section 2b for willful or wanton misconduct was not implicitly incorporated into section 10.2. It is a basic rule of statutory construction that a statutory proviso or exception is "intended to qualify what is affirmed in the body of the act, section or paragraph preceding it." (*Illinois Chiropractic Society v. Giello* (1960), 18 Ill. 2d 306, 312; see also *State Public Utilities Comm'n v. Early* (1918), 285 Ill. 469, 475; 2A N. Singer, Sutherland on Statutory Construction §47.11, at 145 (Sands 4th ed. 1984).) We therefore must presume that the exception for willful or wanton misconduct that is contained in section 2b of the Medical Practice Act was intended to apply only to the immunity created within that section of the Medical Practice Act, and not to the entirely separate immunity created by section 10.2 of the Hospital Licensing Act.

Appellant next argues that public policy considerations indicate that the General Assembly could not have intended for section 10.2 to provide absolute immunity. However, we have already found that the plain language of the statute provides for absolute immunity and we know of "no rule of construction which authorizes a court to declare that the legislature did not mean what the plain language of a statute imports." *Droste v. Kerner* (1966), 34 Ill. 2d 495, 503.

Appellant's third argument is that an interpretation of section 10.2 as providing absolute immunity "would effectively repeal causes of action for liability predicated upon willful or wanton misconduct as provided by the Medical Practice Act." We do not agree.

Appellant misconstrues the purpose and effect of section 2b of the Medical Practice Act. Contrary to appellant's assertion, the Medical Practice Act (particularly section 2b) did not create, provide or authorize a cause of action for misconduct involving hospital review committees. Instead, any cause of action for such misconduct had to have been based on the common law or a statute other than the Medical Practice Act. Section 2b of the Medical Practice Act merely established an immunity which could be invoked by a defendant as an affirmative defense to any such cause of action. To fall under the protection of the immunity of section 2b, a defendant had to demonstrate that he was a "person serving on [or] providing service to [a hospital review committee]" and that his conduct was not willful or wanton. Ill. Rev. Stat. 1985, ch. 111, par. 4406.

Section 10.2 of the Hospital Licensing Act also established an immunity which could be invoked by a defendant as an affirmative defense to causes of action arising out of conduct involving hospital review committees. Like section 2b of the Medical Practice Act, section 10.2 of the Hospital Licensing Act only applied in certain situations. To be protected by the immunity of section 10.2, a defendant had to establish that the defendant was a "hospital [or] individual who [was] a member, agent, or employee of a hospital, hospital medical staff, hospital administrative staff, or hospital governing board" (Ill. Rev. Stat. 1985, ch. 111½, par. 151.2).

The General Assembly thus determined that, in certain situations, parties participating in the hospital review process should be immune from civil liability. One such situation, as set forth in section 2b of the Medical Practice Act (Ill. Rev. Stat. 1985, ch. 111, par. 4406), was where a party involved in the hospital review process had not acted willfully or wantonly. A second situation, as set forth in section 10.2 of the Hospital Licens-

ing Act (Ill. Rev. Stat. 1985, ch. 111½, par. 151.2), was where a party was a "hospital [or] a member, agent, or employee of a hospital, hospital medical staff, hospital administrative staff, or hospital governing board."

The two immunities established by the General Assembly did not conflict. Rather, they presented two separate means by which a defendant could escape liability. In some instances, both immunities may have been available to the same party. For example, a defendant who was an employee of a hospital and whose conduct was not willful or wanton could have invoked both immunities as affirmative defenses. On the other hand, in other situations, such as where a defendant who was not a "hospital [or] a member, agent or employee of a hospital, hospital medical staff, hospital administrative staff, or hospital governing board" had engaged in willful or wanton misconduct, neither immunity would have been available. Whatever the situation, however, if the defendant could demonstrate that either of the immunities established by the General Assembly was applicable to his case, the defendant could not be held liable for civil damages.

In the present case, appellant filed a complaint seeking civil damages based upon four common law causes of action. Both White and the hospital, in their joint motion to dismiss the complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619), claimed the separate immunities of section 2b and section 10.2 as affirmative defenses. While it is not clear whether their conduct was willful or wanton (and therefore whether the immunity of section 2b should be applicable), there is no dispute that both White (a hospital administrator and employee) and the hospital were protected by the immunity of section 10.2.

We note that our decision is not inconsistent with this court's decisions in *Adkins v. Sarah Bush Lincoln*

*Health Center* (1989), 129 Ill. 2d 497, and *Barrows v. Northwestern Memorial Hospital* (1988), 123 Ill. 2d 49. In *Adkins*, this court found that there were no facts which indicated that the hospital and doctors in that case had acted willfully or wantonly. Accordingly, this court held that the hospital and doctors in that case were protected by the immunity of section 2b of the Medical Practice Act (Ill. Rev. Stat. 1985, ch. 111, par. 4406). (*Adkins*, 129 Ill. 2d at 518-19.) The question of whether the hospital and doctors in that case were also protected by the immunity of section 10.2 of the Hospital Licensing Act (Ill. Rev. Stat. 1985, ch. 111½, par. 151.2) was never addressed. Similarly, in *Barrows*, 123 Ill. 2d at 59, the question of whether either immunity was available to the defendants in that case was not at issue, and therefore was not addressed.

We conclude that section 10.2 of the Hospital Licensing Act (Ill. Rev. Stat. 1985, ch. 111½, par. 151.2) provides appellees with immunity in this case. In light of this conclusion, it is irrelevant whether appellees were also protected by the immunity provided by section 2b of the Medical Practice Act (Ill. Rev. Stat. 1985, ch. 111, par. 4406). Accordingly, the judgment of the appellate court affirming the trial court's dismissal of appellant's complaint is affirmed.

*Judgment affirmed.*

JUSTICE RYAN took no part in the consideration or decision of this case.