RICHARD HECK *et al.*, Plaintiffs-Appellees, v. CILCORP, INC., Defendant (Central Illinois Light Company *et al.*, Defendants-Appellants).

Fourth District   No. 4—91—0430

Opinion filed December 13, 1991.

LUND, J., dissenting.

Gordon R. Broom and J. Todd Hayes, both of Burroughs, Simpson, Hepler, Broom & MacDonald, of Edwardsville, for appellants.

W. Loren Thomson, of Thomson & Weintraub, of Bloomington, for appellees.

JUSTICE STEIGMANN delivered the opinion of the court:

Defendants, Central Illinois Light Company (CILCO) and Donald Koch, d/b/a Koch Trucking, and Randy Koch, appeal from the granting of the motion of plaintiffs, Richard Heck and Dennis Roberts, to voluntarily dismiss this case. The issue we address is whether a defendant's filing of a counterclaim for contribution precludes a plaintiff from voluntarily dismissing his cause of action. We conclude that it does and therefore reverse and remand.

## I. FACTS

This case arises from a multivehicle accident that occurred on Interstate 55 near Bloomington, Illinois. A Koch trucking vehicle driven by Randy Koch struck plaintiff Heck's tractor trailer from behind. Plaintiff Roberts was a passenger in Heck's vehicle. Heck had stopped his vehicle on Interstate 55 because CILCO employees were doing maintenance work on power lines near the road. On June 2, 1989, plaintiffs filed a negligence complaint naming CILCORP, a corporation, as well as CILCO, Koch Trucking Company, and Randy Koch as defendants. In January 1990, CILCO filed a counterclaim for contribution against Koch. CILCORP's motion for summary judgment was granted on December 12, 1990, because CILCORP was merely the holding company for CILCO. CILCO remained a defendant in this

cause of action. In May 1991, Koch filed a counterclaim for contribution against CILCO.

On April 5, 1991, the trial court granted CILCO's motion to strike counts I and III of plaintiffs' first amended complaint, which alleged a cause of action premised on the Road Construction Injuries Act (Act) (Ill. Rev. Stat. 1989, ch. 121, pars. 314.1 through 314.8). On April 23, 1991, plaintiffs filed a second-amended complaint, again alleging violations under the Act. On May 10, 1991, CILCO again filed a motion to strike those counts premised on the Act. On May 20, 1991, plaintiffs filed a motion for voluntary dismissal under section 2—1009 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1009). On May 22, 1991, defendants filed an objection to that motion, claiming that plaintiffs were barred from voluntarily dismissing because each defendant had filed a counterclaim against the other. Despite defendants' objections, the trial court granted plaintiffs' motion and dismissed the action.

## II. ANALYSIS

■ The sole issue in this case is whether the filing of a counterclaim by a defendant bars plaintiffs' motion for voluntary dismissal. We hold that it does. The relevant part of the Code states the following:

> "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter the plaintiff may dismiss, only on terms fixed by the court (1) upon filing a stipulation to that effect signed by the defendant, or (2) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof. *After a counterclaim has been pleaded by a defendant no dismissal may be had as to the defendant except by the defendant's consent.*" (Emphasis added.) Ill. Rev. Stat. 1989, ch. 110, par. 2—1009(a).

■ The first question we need to resolve is whether a counterclaim for contribution is a counterclaim within the meaning of section 2—1009(a) of the Code. Section 2—608(a) of the Code defines the term "counterclaim" as follows:

> "*Any claim by one or more defendants* against one or more plaintiffs, or *against one or more codefendants*, whether in the nature of setoff, recoupment, *cross claim* or otherwise, and whether in tort or contract, for liquidated or unliquidated dam-

ages, or for other relief, may be pleaded as a cross claim in any action, and when so pleaded *shall be called a counterclaim.*" (Emphasis added.) Ill. Rev. Stat. 1989, ch. 110, par. 2—608(a).

The plain meaning of the text of that section makes clear that a claim "by one or more defendants *** against one or more codefendants" (Ill. Rev. Stat. 1989, ch. 110, par. 2—608(a)) is a counterclaim, as that term is used in the Code, including section 2—1009(a) thereof.

Plaintiffs argue that the supreme court, in *People v. American National Bank & Trust Co.* (1965), 32 Ill. 2d 115, 203 N.E.2d 897, held that a defendant's counterclaim must allege an independent, substantive cause of action *against plaintiff* in order to bar plaintiff's voluntary dismissal. However, we do not read the holding in that case as expansively as do plaintiffs.

In *American National Bank*, a tax foreclosure case, defendant filed a "cross-complaint" in response to a motion to dismiss. Defendant's "cross-complaint" alleged that the purchaser of delinquent taxes "could not oust the court from jurisdiction nor prevent the foreclosure by its subsequent purchase of the forfeited taxes." (*American National Bank*, 32 Ill. 2d at 120, 203 N.E.2d at 900.) The supreme court ruled that defendant's "cross-complaint" failed to state a substantive claim *at all*, therefore ruling that the "cross-complaint" was not a counterclaim which would bar voluntary dismissal. (*American National Bank*, 32 Ill. 2d at 119, 203 N.E.2d at 899.) (We add parenthetically that the supreme court indirectly expressed its assessment of the worth of defendant's response by putting quotations marks around "cross-complaint" whenever in its opinion it referred to defendant's pleading.) The language in that case, which suggests a counterclaim bars a voluntary dismissal only when it is filed against a plaintiff, is *dicta* taken out of the context of the peculiar circumstances present in that tax foreclosure proceeding.

Although we are not aware of any case directly on point—where counterclaims brought between codefendants barred a plaintiff from voluntary dismissal—we find the cases of *In re Marriage of Black* (1985), 133 Ill. App. 3d 59, 477 N.E.2d 1359, and *Edwards v. Fox* (1984), 121 Ill. App. 3d 556, 459 N.E.2d 1083, support our holding in the present case. In *Black*, a wife filed a petition for dissolution of her marriage. Some months later, she filed a petition for temporary custody, and child support; on the same date, the maternal grandmother and paternal grandparents of the child of the parties to the marriage petitioned to intervene and for custody. The trial court granted the petitions to intervene of all grandparents. (*Black*, 133 Ill. App. 3d at 60, 477 N.E.2d at 1360.) After a hearing on the petition for tempo-

rary custody, the court found neither of the parents was then able to provide for the best interests of the child, and awarded temporary custody to the paternal grandparents. The cause was set for trial. Moments before trial, petitioner moved to voluntarily dismiss her petition for dissolution. The trial court denied her motion, and she appealed that denial. (*Black*, 133 Ill. App. 3d at 64, 477 N.E.2d at 1363.) The appellate court construed the grandparents' petitions to intervene to be counterclaims under section 2—608(a) of the Code. The court deemed those petitions sufficient reason to bar petitioner's voluntary dismissal of the action and affirmed the trial court's order denying petitioner's motion for voluntary dismissal. *Black*, 133 Ill. App. 3d at 64-65, 477 N.E.2d at 1363-64.

In *Edwards*, Lodia Edwards brought an action against defendant Fox for injuries caused by an automobile accident. In a separate personal injury action, Ronald Edwards, Lodia's husband, also sued Fox. Fox filed a third-party complaint for contribution against Ronald in the action filed by Lodia. Fox thereafter made an oral motion to consolidate the two actions, which the trial court granted. The trial court later denied Ronald's subsequent motion for voluntary dismissal pursuant to section 2—1009 because the court construed Fox's third-party complaint as a counterclaim. (*Edwards*, 121 Ill. App. 3d at 557, 459 N.E.2d at 1083-84.) Ronald appealed the denial of his motion for voluntary dismissal, and the appellate court affirmed. The court held that Fox's third-party complaint was a counterclaim within the meaning of section 2—608(a) of the Code, which thus barred voluntary dismissal under section 2—1009. *Edwards*, 121 Ill. App. 3d at 558-59, 459 N.E.2d at 1085.

■ Our conclusion in the present case is further supported by *Gibellina v. Handley* (1989), 127 Ill. 2d 122, 136, 535 N.E.2d 858, 865, wherein the Illinois Supreme Court wrote as follows: "The limitations within section 2—1009 protect the rights of any litigant—plaintiff, counterclaimant, or third-party plaintiff—to pursue and control a claim for relief."

■ Plaintiffs also contend that because they have refiled their action in Madison County (Madison County case No. 91—L—676), whether a cause of action continues to exist in McLean County—the issue before us in this appeal—is moot. We disagree. Upon remand of this case, defendants may elect to attack the cause of action in Madison County by filing a motion for involuntary dismissal based upon section 2—619(a)(3) of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(3)).

For the reasons stated, we reverse the trial court's order granting plaintiffs' motion for voluntary dismissal and dismissing plaintiffs' cause of action, and this case is remanded for further proceedings.

Reversed and remanded.

KNECHT, J., concurs.

JUSTICE LUND, dissenting:

I respectfully dissent from the majority opinion. I do not agree that a defendant can bar a plaintiff's voluntary dismissal, without prejudice, under the authority of section 2—1009 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—1009) by filing a counterclaim against a codefendant. I further suggest that a third-party action by one defendant bringing in a third-party defendant also does not bar the voluntary dismissal. The absence of a specific decision as to this issue probably results from what I suggest is a general assumption that a counterclaim blocking a voluntary dismissal must be against the plaintiff. *People v. American National Bank & Trust Co.* (1965), 32 Ill. 2d 115, 203 N.E.2d 897, certainly gives this impression when it states:

"It is clear that the purpose of section 52 [(now section 2—1009 of the Code)] is to prohibit claimants from voluntarily dismissing causes instituted by them to the prejudice of other parties named in the complaint who have subsequently properly alleged substantive causes of action against the original claimants." *American National*, 32 Ill. 2d at 119-20, 203 N.E.2d at 899.

Historically, a plaintiff has had the right to take a voluntary non-suit, and this right has only been limited by statutory provisions which are now included in section 2—1009 of the Code. (See Ill. Ann. Stat., ch. 110, par. 2—1009, Historical and Practice Notes, at 417 (Smith-Hurd 1983); 16 Ill. L. & Prac. *Dismissal & Nonsuit* §§11, 12 (1971).) That right has been stated to be an "absolute right *** and the trial court has no discretion to interfere with the exercise of that right." *City of Palos Heights v. Village of Worth* (1975), 29 Ill. App. 3d 746, 749, 331 N.E.2d 190, 193.

It is my opinion that a counterclaim against a plaintiff is the only pleading that would bar that plaintiff from voluntarily dismissing as to the defendant filing the counterclaim. I suggest the majority's reliance on section 2—608(a) of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—608(a)) is misplaced. That section provides for the use of the term "counterclaim" in place of various terms which were formerly used. (Ill. Ann. Stat., ch. 110, par. 2—608(a), Historical and Practice

Notes, at 182 (Smith-Hurd 1983).) Nothing in section 2—608(a) of the Code or the historical notes indicates the definition provided by that section was to define or limit the voluntary nonsuit authority statutorily recognized by section 2—1009 of the Code.

My examination of the cases cited by the majority indicates they are not authority for the position taken in their opinion. I suggest the majority opinion is a judicial limitation of a historically recognized right to a voluntary nonsuit. I suggest a decision of this type is best left to the legislature.