(No. 73094.—)

RICHARD HECK *et al.*, Appellants, v. CENTRAL IL-
LINOIS LIGHT COMPANY *et al.* (Central Illinois
Light Company, Appellee).

*Opinion filed October 15, 1992.—Rehearing
denied November 30, 1992.*

W. Loren Thomson, of Thomson & Weintraub, of Bloomington, for appellants.

Gordon R. Broom and J. Todd Hayes, of Burroughs, Simpson, Hepler, Broom & MacDonald, of Edwardsville, for appellee.

JUSTICE CLARK delivered the opinion of the court:

The issue presented in this case is whether a defendant's contribution claim against a codefendant is considered a "counterclaim" within the meaning of section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009), so as to prevent a plaintiff from voluntarily dismissing his cause of action without the defendant's consent. We hold that it is.

This case arises out of a November 16, 1988, multi-vehicle collision on Interstate 55, in McLean County. On that date, employees of defendant Central Illinois Light Company (Central) were performing maintenance work on power lines near Interstate 55. Plaintiff Richard Heck was driving his semi-tractor and trailer northbound on Interstate 55 when he stopped his vehicle due to Central's maintenance work. While Heck was stopped, defendant Randy Koch drove his vehicle into a passenger car and pushed that car into Heck's truck. As a result of this accident, Heck's trailer was destroyed and he sustained bodily injury. In addition, plaintiff Dennis Roberts, a passenger in Heck's vehicle, also sustained bodily injury.

On June 2, 1989, plaintiffs filed in the circuit court of McLean County a complaint against Central, Randy Koch and Donald Koch, d/b/a Koch Trucking, the owner of the

vehicle driven by Randy Koch. For simplicity's sake, we will refer to Randy and Donald collectively as Koch. On January 11, 1990, Central filed a claim for contribution against Koch. On May, 1, 1991, defendant Koch filed a claim for contribution against Central.

On May 20, 1991, plaintiffs filed a motion for voluntary dismissal pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009). On May 22, 1991, Central filed an objection to the voluntary dismissal, claiming that under section 2—1009, plaintiffs could not voluntarily dismiss the cause without Central's consent. Over Central's objection, the trial court granted plaintiffs' motion to dismiss. Plaintiffs then refiled their action in Madison County on July 1, 1991, and the cause was consolidated with three other suits arising out of the same occurrence.

Central appealed the order granting the voluntary dismissal. The appellate court, with one justice dissenting, reversed the trial court's order dismissing the action. (223 Ill. App. 3d 301.) We granted plaintiffs' petition for leave to appeal (134 Ill. 2d R. 315).

Resolution of this case turns on the relationship between two provisions of the Code of Civil Procedure, namely the voluntary dismissal section (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009) and the counterclaim section (Ill. Rev. Stat. 1987, ch. 110, par. 2—608). The voluntary dismissal section provides in pertinent part:

"§2—1009. Voluntary dismissal. (a) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter the plaintiff may dismiss, only on terms fixed by the court (1) upon filing a stipulation to that effect signed by the defendant, or (2) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof. *After a counterclaim has*

*been pleaded by a defendant no dismissal may be had as to
the defendant except by the defendant's consent."* (Emphasis
added.) (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009(a).)

Section 2—1009 is substantially the same as former sec-
tion 52 of the Civil Practice Act as revised in 1955 (Ill.
Rev. Stat. 1955, ch. 110, par. 52). (See Ill. Ann. Stat., ch.
110, par. 2—1009, Historical & Practice Notes, at 416
(Smith-Hurd 1983).) In fact, the sentence dealing with
counterclaims was included in former section 52 when it
was originally enacted in 1933. See Ill. Rev. Stat. 1935, ch.
110, par. 180.

The critical inquiry in this case is whether Central's
contribution claim against Koch constitutes a counterclaim
within the meaning of section 2—1009. In section 2—608
of the Code of Civil Procedure, the legislature defined
"counterclaim" as follows:

"§2—608. Counterclaims. (a) Any claim by one or more
defendants against one or more plaintiffs, or *against one or
more codefendants,* whether in the nature of setoff, recoup-
ment, cross claim or otherwise, and whether in tort or con-
tract, for liquidated or unliquidated damages, or for other
relief, may be pleaded as a cross claim in any action, *and
when so pleaded shall be called a counterclaim."* (Emphasis
added.) (Ill. Rev. Stat. 1987, ch. 110, par. 2—608.)

Section 2—608 is substantially the same as former section
38 of the Civil Practice Act as enacted in 1933. See Ill.
Rev. Stat. 1935, ch. 110, par. 166.

Despite the definition of "counterclaim" found in sec-
tion 2—608, plaintiffs argue that "counterclaim," as used
in section 2—1009, includes only a defendant's substantive
claim *against a plaintiff.* In support of this position, plain-
tiffs point to the following statements from this court's de-
cision in *People v. American National Bank & Trust Co.*
(1965), 32 Ill. 2d 115:

"[I]t would seem that in order for [a] plaintiff to be pre-
cluded from dismissing its own cause, an independent (even
though it might arise out of the same transaction) substan-

tive cause of action *against plaintiff* would be requisite. \*\*\*
Where, as here, the filed 'counterclaim' fails to state a
cause of action against the plaintiff, he is not prevented
thereby from taking a voluntary nonsuit." (Emphasis
added.) (*American National Bank*, 32 Ill. 2d at 119-20.)

(See also Ill. Ann. Stat., ch. 110, par. 2—1009, Historical &
Practice Notes, at 416 (Smith-Hurd 1983) (quoting the
above passage).) Plaintiffs argue that this interpretation
became a part of the former section 52, and subsequently
a part of section 2—1009. Plaintiffs rely on the rule of con-
struction that "[w]hen a statute has been judicially consid-
ered, the sections that have been construed by the court
keep their same meaning in any subsequent amendments,
absent a clear legislative intent to the contrary." *Harris
Trust & Savings Bank v. Village of Barrington Hills*
(1989), 133 Ill. 2d 146, 155.

We disagree, and find that plaintiffs' reliance on *Amer-
ican National Bank* is misplaced. In *American National
Bank* the question of whether a counterclaim must be
against a plaintiff in order to preclude the plaintiff from
voluntarily dismissing his action was not at issue. Rather,
the issue in *American National Bank* was whether the
defendant's pleading stated a cause of action at all. Thus,
the above quote is *dicta* and is not binding authority on
the question at issue here. See *People v. Palmer* (1984),
104 Ill. 2d 340, 348.

We must now decide whether the legislature intended
the term "counterclaim" to have separate meanings under
the two sections of the Code of Civil Procedure. It is axio-
matic that when interpreting a statute, a court must ascer-
tain and give effect to the intent of the legislature when it
enacted the statute. The language of the statute itself pro-
vides the best indication of the drafters' intent. (See
*Kirwan v. Welch* (1989), 133 Ill. 2d 163, 165.) There is
" 'no rule of construction which authorizes a court to de-
clare that the legislature did not mean what the plain lan-

guage of a statute imports.' " (*Cardwell v. Rockford Memorial Hospital* (1990), 136 Ill. 2d 271, 278, quoting *Droste v. Kerner* (1966), 34 Ill. 2d 495, 503.) Thus, where a statute is clear and unambiguous, a court must enforce the law as enacted, without considering other aids of construction. *People v. Drakeford* (1990), 139 Ill. 2d 206, 214.

"It is well established that the legislature may define terms within a statute in any reasonable manner." (*Town of Libertyville v. First National Bank* (1990), 133 Ill. 2d 356, 361.) In this instance, the legislature defined "counterclaim" to include claims by one defendant against a codefendant. As there is no indication that the legislature intended a different definition of "counterclaim" for the voluntary dismissal section of the Code, we will not presume such an intention.

Had the legislature intended to limit the applicability of section 2—1009 to counterclaims asserted against a plaintiff it could have easily done so. The legislature could merely have inserted the phrase "against the plaintiff" into that section. Instead, the legislature placed no qualifications on the term "counterclaim" when it enacted section 2—1009. This indicates that the legislature intended counterclaim as used in section 2—1009 to include claims by one defendant against a codefendant.

Plaintiffs argue that their position is supported by the general policy that a plaintiff should be allowed to control his action. While we do not disagree with this general principle, it is insufficient to override the clear language of the statute.

For the foregoing reasons, we affirm the judgment of the appellate court.

*Affirmed.*