MARION METAL AND ROOFING COMPANY, INC., *et al.*, Plaintiffs-Appellees, v. RODGER WOOD, Defendant-Appellant.

Fifth District   No. 5—92—0159

Opinion filed May 5, 1993.

Frederic M. Grosser and Keith Hays, both of Grosser & Hays, of Champaign, and J. Lawrence Sanders, of Sanders & Sanders, of Marion, for appellant.

John S. Brewster, of Winters, Brewster, Murphy, Crosby & Patchett, of Marion, and Curtis C. Calloway and John M. Hessel, both of Lewis, Rice & Fingersh, of St. Louis, Missouri, for appellees.

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

On May 24, 1988, Marion Metal & Roofing Company, Inc. (Marion Metal), filed a complaint against Rodger Wood, a former employee, seeking an injunction and damages against Wood based on a restrictive covenant. On the same day the complaint was filed, a temporary restraining order was entered barring Wood from engaging in a business similar to Marion Metal's within a four-State area. On June 24, 1988, the court held an evidentiary hearing on plaintiffs' petition for a preliminary injunction and granted the petition.

The parties engaged in additional discovery, and on November 22, 1988, Wood filed a motion for sanctions stemming from alleged discovery abuses. At the hearing on the motion, the parties agreed that plaintiffs' witnesses, Eugene and Richard Porter, were to submit to depositions. During the next few weeks, the parties engaged in settlement negotiations.

At a pretrial conference on September 18, 1989, the circuit court was advised that the injunction claim was moot due to Marion Metal's sale of its assets. The trial court entered an order dissolving the preliminary injunction by agreement of the parties. On January 18, 1990, defendant filed a second motion for sanctions noting the plaintiffs' failure to produce the Porters for their depositions in March 1989 and thereafter. On January 18, 1990, defendant also filed a petition for damages claiming that the preliminary injunction had been wrongfully issued. On that same day plaintiffs filed a motion for voluntary dismissal of their complaint including their remaining damage claims.

On February 6, 1992, the trial court dismissed defendant's motion for sanctions and petition for damages and granted plaintiffs' motion for voluntary dismissal. The order of the trial court further stated:

"Chapter 110 §11—110 [Ill. Rev. Stat. 1991, ch. 110, par. 11—110 (now 735 ILCS 5/11—110 (West 1992))] provides the statutory authority for the Petition for Damages filed herein by the defendant. Such a petition can only be presented after the dissolution of a Preliminary Injunction. The Preliminary Injunction was dissolved by Order of Court on 2/15/90. Defendant filed his Petition for Damages on 1/18/90. Therefore, the defendant's Petition for Damages was improperly filed herein. Additionally, the law is clear that this particular statute is to be strictly construed and applied by the Court. Not only must the preliminary injunction be dissolved prior to the petition for damages being filed, but also, there must be a prior adjudication by the Court that the preliminary injunction was improperly, or wrongfully, entered. *Emerson Electric Co. v. Sherman*, 104 Ill.Dec. 151, 150 Ill. App. 3d 832, 502 N.E.2d 414 (1986). *Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.*, 69 Ill. Dec. 71, 94 Ill. 2d 535, 447 N.E.2d 288 (1983). There was no adjudication by this Court that the preliminary injunction, entered herein, was improperly entered. The preliminary injunction was dissolved by agreement of the parties. This is insufficient to allow a Petition for Damages pursuant to Chapter 110 §11—110 to stand."

Rodger Wood appeals. We reverse and remand.

Marion Metal and Eugene Porter desire to supplement the record with correspondence between counsel and the trial court and with plaintiffs' memorandum in support of plaintiffs' application for preliminary injunction. Before discussing the merits of this case, we must address plaintiffs' motion to supplement the record.

Rodger Wood raises no objection to the supplementation of the record on appeal with the memorandum in support of plaintiffs' application for preliminary injunction, which apparently was filed in the trial court on June 21, 1988, and for some reason was not included in the record on appeal. We grant the motion to supplement as to the memorandum. See *In re Marriage of Anderson* (1985), 130 Ill. App. 3d 684, 474 N.E.2d 911.

■ Defendant objects to the inclusion in the record on appeal of correspondence which was not part of the trial record. Illinois Supreme Court Rule 329 permits a record to be supplemented "to present fully and fairly the questions involved." (134 Ill. 2d R. 329.) Plaintiffs contend that their alleged failure to send a copy of the proposed order for preliminary injunction is at issue in this case. Plaintiffs argue that the letters to be made part of the record reflect that defense counsel did in fact receive notice of the proposed order before it was entered. We find that the materials plaintiffs seek to make part of the record are properly before this court via Rule 329. (See *Schumann v. I P C O Hospital Supply Corp.* (1981), 93 Ill. App. 3d 1053, 418 N.E.2d 161.) Accordingly, plaintiffs are granted leave to supplement the record on appeal.

Turning to the merits, defendant argues that the trial court erred in granting plaintiffs' motion for voluntary dismissal without (1) obtaining defendant's consent, and (2) conducting a hearing on the merits regarding defendant's motion for sanctions and his petition for damages.

Defendant argues that his petition for damages constitutes a counterclaim and, therefore, the trial court exceeded its authority in granting the voluntary dismissal without his consent.

■ Section 2—1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1009 (West 1992)) provides that "[a]fter a counterclaim has been pleaded by a defendant no dismissal may be had as to the defendant except by the defendant's consent." A counterclaim is defined in section 2—608 of the Code:

"Any claim by one or more defendants against one or more plaintiffs, * * * whether in the nature of set-off, recoupment, cross claim or otherwise, and whether in tort or contract, for liquidated or unliquidated damages, or for other relief, may be

pleaded as a cross claim in any action and when so pleaded shall be called a counterclaim." (735 ILCS 5/2—608 (West 1992).)

The question in this case is whether defendant's claim for damages stemming from the alleged wrongful preliminary injunction constitutes a counterclaim. We find that it does.

■■ A counterclaim differs from an answer or affirmative defense; the former is a cause of action which seeks affirmative relief, whereas an answer or affirmative defense merely attempts to defeat a plaintiff's cause of action. (*Benckendorf v. Burlington Northern R.R.* (1983), 112 Ill. App. 3d 658, 445 N.E.2d 837.) Thus, in *Heck v. Central Illinois Light Co.* (1992), 152 Ill. 2d 401, 604 N.E.2d 939, the court held that the filing of a counterclaim for contribution by a defendant bars plaintiff's motion for voluntary dismissal. In this case, defendant's claim for damages arises under section 11—110 of the Code of Civil Procedure (735 ILCS 5/11—110 (West 1992)). Under section 11—110, a party incurring damages by reason of a temporary restraining order or preliminary injunction is entitled to petition for damages. We find that the defendant's claim in this case constitutes a counterclaim for purposes of section 2—1009.

■■ The court in *Contract Development Corp. v. Beck* (1991), 210 Ill. App. 3d 677, 569 N.E.2d 941, held that the trial court could not permit the voluntary dismissal of the complaint without consent of the defendants who had filed a counterclaim, and the court could not then dismiss the counterclaim without determining whether it stated a cause of action. The court in *Contract Development* did not determine that the counterclaim failed to state a cause of action. The court merely dismissed the complaint and the counterclaim along with it. In the instant case, the trial court dismissed defendant's claim for damages on grounds that it was improper. While the facts differ somewhat between our case and *Contract Development*, given the plain meaning of section 2—1009, we find the holding in that case applicable. In view of section 2—1009, the trial court erred in voluntarily dismissing plaintiffs' complaint without defendant's consent.

Plaintiffs contend that defendant suffered no prejudice by the court's voluntary dismissal because before dismissing the complaint the trial court properly determined that defendant's claim for damages was improper. Defendant relies upon that portion of the trial court's order which reads:

"There was no adjudication by this Court that the preliminary injunction, entered herein, was improperly entered. The preliminary injunction was dissolved by agreement of the parties.

This is insufficient to allow a Petition for Damages pursuant to Chapter 110 §11—110 to stand."

While the quoted portion of the order does seem to suggest that the court might ultimately rule in the plaintiffs' favor on this point, we do not read those sentences as a definitive determination on this issue. We can envision a situation in which a defendant who was damaged by an improperly entered preliminary injunction agrees to a dismissal of the preliminary injunction and reserves its right to seek damages. We are not saying that this is such a case, but we will allow the trial court to make such a determination.

The trial court also premised its dismissal of defendant's claim for damages on section 11—110 of the Code of Civil Procedure, which provides:

"In all cases where a temporary restraining order or a preliminary injunction is dissolved by the circuit court or by the reviewing court, the circuit court, after the dissolution of the temporary restraining order or preliminary injunction, and before finally disposing of the action shall, upon the party claiming damages by reason of such temporary restraining order or preliminary injunction, filing a petition under oath setting forth the nature and amount of damages suffered, determine and enter judgment in favor of the party who was injured by such temporary restraining order or preliminary injunction for the damages which the party suffered as a result thereof, which judgment may be enforced as other judgments for the payment of money. However, a failure so to assess damages as hereinabove set out shall not operate as a bar to an action upon the injunction bond." (735 ILCS 5/11—110 (West 1992).)

The court ruled that defendant's petition was improperly filed because a section 11—110 petition can only be filed after the dissolution of a preliminary injunction. We disagree. When construing a statute, the court should look first to the language of the statute, giving the terms of the statute their plain and ordinary meaning. (*People v. Ullrich* (1990), 135 Ill. 2d 477, 483, 553 N.E.2d 356, 359.) Section 11—110 does not require that a petition for damages be filed after the preliminary injunction is dissolved. The statute merely requires that the judge not determine the petition for damages until after the temporary restraining order or preliminary injunction is dissolved.

A second reason the trial court gave for dismissing defendant's petition for damages was that the preliminary injunction was dissolved not by adjudication but by agreement of the parties. Section 11—110 does not mandate that dissolution of the preliminary injunc-

tion be pursuant to court adjudication. The statute provides: "In all cases where a *** preliminary injunction is dissolved by the circuit court ***." (735 ILCS 5/11—110 (West 1992).) It is undisputed that the trial court entered an order dissolving the preliminary injunction in this case. Whether the parties consented to that dissolution or not is of no merit under the language of the statute.

Although the trial court's reasons for dismissing defendant's petition were erroneous, we do not reach the issue of whether defendant is in fact entitled to damages. Damages under section 11—110 are recoverable only for wrongful issuance of temporary restraining orders and preliminary injunctions. (See *Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535, 447 N.E.2d 288.) Thus, we reverse the decision of the trial court dismissing defendant's petition for damages and remand for further proceedings.

■ We now turn to the issue of whether the trial court erred in dismissing defendant's motion for sanctions. Had the dismissal of plaintiffs' complaint been proper, the trial court could have properly dismissed defendant's motion for sanctions without reaching the merits of that motion. (See *Bochantin v. Petroff* (1991), 145 Ill. 2d 1, 582 N.E.2d 114; *Gibellina v. Handley* (1989), 127 Ill. 2d 122, 535 N.E.2d 858; see also *McDaniel v. St. Elizabeth's Hospital* (1991), 213 Ill. App. 3d 103, 571 N.E.2d 1203.) In this case, however, the trial court erred in voluntarily dismissing plaintiffs' complaint. Because it is apparent the trial court dismissed defendant's motion for sanctions without considering the merits of the motion, we reverse the trial court's dismissal of the motion for sanctions and remand for further proceedings.

In light of the foregoing, the judgment of the trial court is reversed, and this cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

WELCH and RARICK, JJ., concur.