NORMAN A. KOGLIN ASSOCIATES, Plaintiff-Appellee, v. VALENZ ORO, INC., *et al.*, Defendants-Appellees (H.B. Barnard Company, Defendant-Appellant).

First District (1st Division)   No. 1—94—1200

Opinion filed November 20, 1995.—Rehearing denied February 2, 1996.

Robert A. Filpi, of Stack, Filpi & Kakacek, Chartered, of Chicago, for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Richard D. Murphy, Jr., of counsel), for appellees JMB/Urban 900 Development Partners and La Salle National Bank.

JUSTICE WOLFSON delivered the opinion of the court:

If it looks like a counterclaim, and reads like a counterclaim, and does the things counterclaims are supposed to do, it probably is a counterclaim. At least, it is under the facts of this lawsuit as they apply to the provisions of the Mechanics Lien Act (the Act) (770 ILCS 60/0.01 *et seq.* (West 1992)).

The trial judge took a stricter view, holding that a general contractor who filed an answer seeking to enforce its lien, but did not file a document entitled "counterclaim," failed to become a complainant under the terms of the Act.

The general contractor, H.B. Barnard Company, became a litigant without a lawsuit when the trial judge voluntarily dismissed everyone else and refused to allow the contractor the right to pursue its lien. We reverse the trial judge's decision and remand this matter for further proceedings.

FACTS

Norman A. Koglin Associates (Koglin) is an architectural firm. Defendant, Valenz Oro, Inc. (Valenz), is a tenant of 900 North Michigan Avenue. On September 9, 1991, plaintiff entered into a contract with Valenz to provide architectural and interior and design services in connection with construction to be done to Valenz's space. After completion of its work, Koglin recorded a claim for mechanics lien against the premises.

Valenz had entered into a contract with defendant H.B. Barnard Company (Barnard), a general contractor. Pursuant to its contract, Barnard agreed to provide labor and materials. After completion of its work under the contract, Barnard recorded a general contractor's claim for mechanics lien against the premises.

On June 17, 1992, Koglin filed a complaint to foreclose mechanics lien. Koglin named as defendants: (a) La Salle; (b) JMB; (c) Valenz; and (d) Barnard. Koglin's prayer for relief requested, *inter alia*, that the premises be sold at a foreclosure sale and that Koglin be paid from the proceeds of the sale.

On July 20, 1992, Barnard filed a pleading entitled "Answer to Complaint to Foreclose Mechanic's Lien." Barnard responded to each of the allegations of the complaint. Barnard, in its answer, alleged:

> "[O]n October 15, 1991, it entered into a contract to provide certain labor and materials in connection with the construction and/or improvements at the premises and that said contract was authorized and/or knowingly permitted by La Salle and JMB. Answering further, H.B. Barnard states that its contract was with Yaz Safavi, personally and d/b/a Valenz Oro Jewelers, and that Valenz Oro, Inc., was or became liable on that contract."

Barnard admitted that it had some interest in the premises, but denied that such interest was subject, subordinate, or inferior to Koglin's rights.

After answering all the allegations in the complaint, Barnard added two paragraphs. Barnard alleged that Yaz Safavi and Valenz

were jointly and severally liable to it in the amount of $25,725.84 plus interest and that it had a lien on the premises for such amount. Barnard further alleged that "it last performed services on the premises under its contract on or after November 23, 1991, and that it perfected its mechanics lien on the premises by recording a copy of notice of such lien ***. A true and correct copy of such notice is attached hereto as Exhibit 'A.' "

In its prayer for relief, Barnard asked the court to: (a) adjudge the amount of its lien as $25,725.84 plus interest; (b) adjudge that Barnard had a first, prior and superior lien; (c) foreclose its mechanics lien and in the event of nonpayment of the mechanics lien judgment, order the premises sold to satisfy the same; and (d) award any other relief as the court deems proper.

Attached to Barnard's answer was a copy of his "General Contractor's Claim For Mechanic's Lien," which provides in relevant part:

"The Claimant, H.B. Barnard Company, *** hereby files its General Contractor's Claim for mechanics lien on the Real Estate *** and *against the interest of* the following persons in the Real Estate ('Owners'): Yaz Safavi, *Valenz Oro, Inc., La Salle National Bank as trustee under trust agreement No. 113495 and JMB/ Urban 900 Development Partners, a limited partnership (hereinafter referred to as 'Owners'), and any person claiming an interest by, through or under the Owners,* in the following described Real Estate ***:

* * *

6. Claimant claims a lien on the Real Estate (including all land and improvements thereon) in the amount of TWENTY-FIVE THOUSAND SEVEN HUNDRED TWENTY-FIVE AND 84/100 DOLLARS ($25,725.84) plus interest from the date due." (Emphasis added.)

La Salle and JMB filed a combined answer to Koglin's complaint on September 10, 1993. In it, La Salle and JMB admitted that Barnard had provided certain labor and materials in connection with the construction and improvements at the Valenz jewelry store, but denied Koglin's allegation that they authorized or knowingly permitted Valenz to enter into an agreement with Barnard. A copy of the answer was served on Koglin. La Salle and JMB did not serve a copy of their answer upon Barnard.

On December 21, 1993, the trial court held a pretrial conference. Notwithstanding Barnard's objections, the trial court: (1) dismissed Koglin's entire complaint with prejudice (given the settlement agreed to between Koglin, La Salle and JMB); (2) reserved jurisdiction with respect to the settlement agreement; and (3) found no just reason to delay enforcement or appeal of the order.

On January 11, 1994, Barnard filed a "Motion to Modify or Vacate the Order of December 21, 1993, to Permit Filing of Amended Complaint and to Realign Parties." Barnard sought to file an "Amended Complaint" naming Valenz, La Salle, JMB, and Koglin as defendants. After the matter was briefed by the parties, the trial court denied Barnard's motion.

Barnard appeals from the final order entered December 21, 1993, dismissing the action with prejudice and from the order entered March 11, 1994, denying Barnard's motion to modify or vacate the order of December 21, 1993. La Salle and JMB have filed a joint appellees' brief. No other parties to the underlying action have appeared in this appeal.

## ISSUES PRESENTED FOR REVIEW

1. Whether each mechanics lien claimant named as a defendant in a mechanics lien foreclosure suit must file a pleading specifically designated as a "counterclaim" in order to protect its claim from dismissal;

2. Whether, assuming *arguendo* a counterclaim must be filed, Barnard's "answer" should have been considered a "counterclaim" and whether the trial court erred in denying Barnard's motion to amend his answer; and

3. Whether the trial court erred in allowing the plaintiff to voluntarily dismiss its suit.

DECISION

NECESSITY OF FILING A COUNTERCLAIM

Barnard argues that it is not necessary for each mechanics lien claimant named as a defendant in a foreclosure suit to file a pleading specifically denominated as a "counterclaim" in order to protect its claim from dismissal.

■ The object and purpose of the Act is to protect those who in good faith furnish material or labor for the construction of a building. (*State Bank v. Winnetka Bank* (1993), 245 Ill. App. 3d 984, 614 N.E.2d 862.) "The statute is strictly construed as to the requirements which bring one within the statute, but this strict construction applies only to the requirements upon which the right to a lien depends and is not used to invalidate a lien which had properly attached." *State Bank*, 245 Ill. App. 3d at 994, 614 N.E.2d at 869.

Put another way:

"The Mechanics Lien Act is a creation of statute in derogation of the common law that provides extraordinary remedies to certain

classes of contractors and subcontractors; as such, its technical and procedural requirements must be strictly construed. [Citation.] The lien is valid only if each of the statutory requirements is scrupulously observed. [Citation.] Once the lien claimant has complied with the statutory requirements, the Act should be liberally construed to carry out its remedial purpose of allowing recovery based on a lien where the value of the property has been increased by furnishing labor or materials." *First Bank v. Rinaldi* (1994), 262 Ill. App. 3d 179, 187, 634 N.E.2d 1204, 1210.

At issue in this case is the construction of section 9 of the Mechanics Lien Act, which states:

"If payment shall not be made to the contractor having a lien by virtue of this act of any amount due when the same becomes due, *then such contractor may bring suit to enforce his lien in the circuit court* in the county where the improvement is located \*\*\*. *Any two or more persons having liens on the same property may join in bringing such suit, setting forth their respective rights in their complaint; all lien claimants not made parties thereto may upon filing a petition to intervene become defendants and enforce their liens by counterclaim against all the parties to the suit*; and the complaint shall not thereafter be dismissed as to any lien claimant, or as to the owner or owners of the premises without the consent of such lien claimant. *The plaintiff and all defendants to such complaint may contest each other's right without any formal issue of record made up between them other than that shown upon the original complaint*, as well with respect to the amount due as to the right to the benefit of the lien claimed: Provided, that if by such contest by co-defendants any lien claimants be taken by surprise, the court may, in its discretion, as to such claim, grant a continuance. The court may render judgment against any party summoned and failing to appear, as in other cases of default. *Such suit shall be commenced or counterclaim filed within two years after the completion of the contract, or completion of the extra or additional work, or furnishing of extra or additional material thereunder.*" (Emphasis added.) 770 ILCS 60/9 (West 1992).

Barnard claims the language "[t]he plaintiff and all defendants to such complaint may contest each other's right without any formal issue of record made up between them other than that shown upon the original complaint" supports its position that it is not necessary for each party to the suit to file its own counterclaim.

In *Hyde Park Investment Co. v. Hyde Park State Bank* (1930), 257 Ill. App. 539, the court addressed this provision in section 9 and concluded that this language permitted the parties to "contest" each other's liens without any special pleadings:

"This provides that all parties may contest each other's rights without any formal issue made up between them. No special pleadings are necessary. Any proper evidence tending to contest the claim is admissible under such a petition, it being incumbent upon such petitioner to maintain by adequate proof the material averments of such petition. *** All the defendants without any special pleading have the right to put in evidence all facts material to defeat the claim made by the claimant in his pleadings." *Hyde Park Investment Co.*, 257 Ill. App. at 544.

La Salle and JMB maintain that the Illinois Mechanics Lien Act clearly and unambiguously states that a contractor seeking to foreclose on a mechanics lien must "bring suit" through a complaint or counterclaim within two years after the completion of a contract. Since Barnard did not file either a complaint or counterclaim within two years of the completion of its work for Valenz, La Salle and JMB maintain the trial court properly denied Barnard's motion to realign parties and for leave to file a complaint to foreclose on its mechanics lien.

Section 9 of the Act states "all lien claimants *not made parties thereto* [to the complaint] may upon filing a petition to intervene become defendants and enforce their liens by counterclaim against all the parties to the suit." (Emphasis added.) (770 ILCS 60/9 (West 1992).) Koglin named Barnard as a defendant in its suit. Barnard was a party to the complaint. "[L]ien claimants not made parties thereto" may file a petition to intervene and enforce a lien by counterclaim. (770 ILCS 60/9 (West 1992).) Barnard was already a party "thereto." It was not necessary for Barnard to file a separate counterclaim to preserve its rights, where its answer incorporated its lien and sought affirmative relief.

In *Well Done Heating & Sheet Metal Co. v. Ralph Schwartz & Associates* (1983), 112 Ill. App. 3d 438, 445 N.E.2d 451, a case relied on by the owners, the contractor, which was joined as a defendant in a subcontractor's mechanics lien action, did not file a counterclaim to foreclose its own lien until well after two years from the date of completion of the project. The owner successfully moved to have the contractor's lien expunged. The trial court also denied the contractor's motion to amend its complaint to add a counterclaim to foreclose the lien. The appellate court affirmed, holding that the contractor failed to preserve its lien by filing a suit or counterclaim within two years of the completion of the contract.

The appellate court held that the current mechanics lien statute no longer permits an answer to serve as a cross-bill or counterclaim. The court indicated that all reference to "answer" in the previous statutes had been removed and replaced by the word "counterclaim."

The court in *Well Done Heating* found that the contractor's answer was insufficient to set up a lien claim even under the old law. The court observed that the answer did not set forth fully the facts on which a lien claim was founded or in any other way set out a claim for affirmative relief. The contractor's answer did not in any manner ask that its own lien be protected or foreclosed. The court in *Well Done Heating* held: "The filing of the answer which sought no affirmative relief was not equivalent to filing its own suit under the statute." *Well Done Heating*, 112 Ill. App. 3d at 443, 445 N.E.2d at 454.

■ Barnard's answer sought affirmative relief and was sufficient to preserve its claim under the current statute. We do not read *Well Done Heating* to mean that any answer by a party, regardless of the affirmative allegations contained in it, is insufficient to preserve a lien claim.

Barnard contends the court in *Well Done Heating* misread the statute. We need not address this contention because, unlike *Well Done Heating*, Barnard's answer set forth a claim upon which relief could be granted and Barnard objected to the plaintiff's voluntary dismissal.

*Rochelle Building Co. v. Oak Park Trust & Savings Bank* (1970), 121 Ill. App. 2d 274, 257 N.E.2d 542, was decided prior to the amendment in the statute. The court stated:

> "A lien claimant who is made a defendant may obtain affirmative relief by filing an answer, but since his answer stands as a counterclaim and is the pleading by which he seeks to enforce his lien, it also must be filed within the statutory period of two years." *Rochelle Building Co.*, 121 Ill. App. 2d at 277, 257 N.E.2d at 544.

La Salle and JMB argue that *Rochelle Building Co.* is inapplicable because it was decided prior to the amendment to the statute. However, as we have said, the amendment affects "lien claimants not made parties thereto." "Thereto" refers to the plaintiff's complaint. A lien claimant already made party to the mechanics lien suit need not file a separate counterclaim when its answer clearly sets out its lien and a prayer for relief, although entitling its document "counterclaim" would be a safer course of action and would avoid unnecessary controversy. Under these circumstances *Rochelle Building Co.* is applicable.

## ANSWER AS A COUNTERCLAIM

Assuming *arguendo* that a lien claimant named as a defendant must file a "counterclaim" in order to protect its lien, Barnard argues that its "answer" should have been considered a counterclaim. The

question, then, is whether Barnard's claim for damages contained in a pleading entitled "answer" constitutes a "counterclaim."

"A counterclaim differs from an answer or affirmative defense; the former is a cause of action which seeks affirmative relief, whereas an answer or affirmative defense merely attempts to defeat a plaintiff's cause of action." *Marion Metal & Roofing Co. v. Wood* (1993), 243 Ill. App. 3d 890, 894, 612 N.E.2d 1049, 1052; see also *Dudek, Inc. v. Shred Pax Corp.* (1993), 254 Ill. App. 3d 862, 626 N.E.2d 1204.

Both the Code of Civil Procedure and the Mechanics Lien Act mandate that pleadings should be liberally construed to do substantial justice. (735 ILCS 5/1—106 (West 1992); 770 ILCS 60/39 (West 1992); *First Federal Savings & Loan Association v. Connelly* (1983), 97 Ill. 2d 242, 246, 454 N.E.2d 314.) "The character of a pleading is to be determined more from its content than from its label." *Kemner v. Monsanto Co.* (1986), 112 Ill. 2d 223, 239, 492 N.E.2d 1327, 1334.

In *Dudek*, plaintiff sought relief in a document denominated "affirmative defense and/or setoffs." The appellate court found that the so-called "affirmative defenses and/or setoffs" were counterclaims as contemplated by section 2—608 of the Code of Civil Procedure. The court held that plaintiff did not lose the right to its claim for setoffs by failing to plead them explicitly as counterclaims. The court held that for purposes of the appeal the affirmative relief sought through Dudek's setoffs would be treated as counterclaims. *Dudek*, 254 Ill. App. 3d at 871.

In *Marion Metal*, the trial court entered a voluntary dismissal pursuant to section 2—1009 of the Code of Civil Procedure. (*Marion Metal*, 243 Ill. App. 3d at 893.) Section 2—1009 provides that after a defendant pleads a counterclaim, no dismissal may be had as to the defendant except by the defendant's consent. (735 ILCS 5/2—1009 (West 1992).) Prior to the voluntary dismissal, the defendant had filed a petition for damages. Defendant argued that his petition for damages constituted a counterclaim and, therefore, the trial court exceeded its authority in granting the voluntary dismissal without his consent. The appellate court held that the defendant's claim constituted a counterclaim for purposes of section 2—1009. *Marion Metal*, 243 Ill. App. 3d at 894.

In Barnard's "answer," Barnard affirmatively alleged the formation on October 15, 1991, of a contract with the tenant to provide general contracting services, the date of November 23, 1991, as the date on which Barnard last performed services on the premises, and the date of March 20, 1992, as the date on which Barnard perfected its mechanics lien by recording a copy of the notice of lien with the

county recorder. A copy of the recorded notice was attached as an exhibit to Barnard's pleading. It asserted a claim "against the interest" of La Salle and JMB, among others. In addition, Barnard affirmatively asserted that Valenz owed it $25,725.84 for the work performed and that it had a lien on the premises for the amount of its claim, and prayed for an adjudication of the amount of its lien and the foreclosure of such mechanics lien. The only thing missing from the document was the word "counterclaim."

Section 2—606 of the Illinois Code of Civil Procedure provides that a "written instrument" attached to a pleading becomes part of the pleading for all purposes. (735 ILCS 5/2—606 (West 1992); *Costello v. Illinois Farmers Insurance Co.* (1993), 263 Ill. App. 3d 1052, 1059, 636 N.E.2d 710.) La Salle and JMB were served with copies of Barnard's answer. Barnard's answer sought a foreclosure sale. A copy of Barnard's mechanics lien was attached to the answer. Barnard's mechanics lien sought relief against both La Salle and JMB. La Salle and JMB cannot honestly say that they had no knowledge of Barnard's claim.

■ The pleading filed by Barnard does not merely attempt to defeat the plaintiff's cause of action: instead, it pleads the facts necessary to establish an independent claim and asks for affirmative relief. The pleading sets forth all of the elements necessary to establish Barnard's right to foreclosure: it sets forth a contract between Barnard and the tenant, the performance and completion of work pursuant to that contract, the timely recording of a notice of lien, demand for payment, and a prayer for relief.

Inasmuch as Barnard's answer contains the necessary elements of a counterclaim, except a designation as such, it would be fair and reasonable to consider it as a counterclaim.

AMENDED PLEADING

Barnard argues the trial court erred in dismissing the action with prejudice and denying Barnard's attempt to amend its pleadings to state a claim directly against JMB and La Salle.

Section 12 of the Act specifically permits amendments to any part of the pleadings and grants the court power to act in Mechanics Lien Act cases as in other cases. (770 ILCS 60/12 (West 1992).) Section 2—616(b) of the Code of Civil Procedure expressly provides that an amended pleading shall not be time barred if the time for filing had not expired when the original pleading was filed and if the matter asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. (735 ILCS 5/2—616(b) (West 1992).) Nothing in the Mechanics Lien Act prohibits

application of section 2—616 of the Code of Civil Procedure. 735 ILCS 5/2—616 (West 1992); *Martinez v. Knochel* (1984), 123 Ill. App. 3d 555, 561, 462 N.E.2d 1281, 1285.

Barnard contends this case falls within the boundaries of *Martinez v. Knochel* (1984), 123 Ill. App. 3d 555, 462 N.E.2d 1281. In *Martinez*, plaintiffs brought an action to cancel the various liens that had been filed against their property. A subcontractor filed a timely answer to the plaintiffs' complaint, but filed its counterclaim almost three years after the date of its last delivery to the construction site. (*Martinez*, 123 Ill. App. 3d at 561.) The trial judge ruled that the counterclaim was an amendment to the timely answer and therefore was within the two-year time period allowed by section 9. (See 770 ILCS 60/9 (West 1992).) In affirming the trial court, the appellate court found that the answer and counterclaim were sufficiently specific to support the conclusion that they referred to the same transaction.

The court in *Martinez* acknowledged that a different result was reached in *Well Done Heating*, but found, as do we, that the objections expressed in *Well Done Heating* did not apply to its case.

■ Here, Barnard stated a claim against La Salle and JMB in its "Answer." The answer and counterclaim were specific enough to support the conclusion that they referred to the same transaction. This case is analogous to *Martinez*. Barnard's "amended counterclaim" relates back to his "answer" and thus is not time barred. The trial court should have allowed Barnard to file the amendment to the counterclaim.

PROPRIETY OF THE VOLUNTARY DISMISSAL

Section 11 of the Act reads in relevant part:

> "No action under the provisions of this act shall be voluntarily dismissed by the party bringing it without due notice to all parties before the court and leave of court upon good cause shown and upon terms designated by the court." 770 ILCS 60/11 (West 1992).

Barnard contends, and JMB does not dispute, that he did not receive any notice of plaintiff's intention to move for dismissal of its lawsuit.

La Salle and JMB respond that because Barnard was time barred from initiating an action to foreclose on its mechanics lien and plaintiff had resolved all of its claims through settlement, plaintiff's complaint was properly dismissed with prejudice. La Salle and JMB further argue that even if the dismissal of plaintiff's complaint was not in strict accord with section 11 of the Act, the Act does not

provide that Barnard is therefore allowed to file a complaint that is otherwise time barred.

The trial court's order dismissing the cause noted the objections of Barnard. The record on appeal contains a preliminary pretrial order dated September 14, 1993, setting the matter for pretrial conference on December 21, 1993. On December 7, 1993, plaintiff filed a pretrial memorandum. The order of dismissal was entered at the pretrial conference.

In *Well Done Heating & Sheet Metal Co. v. Ralph Schwartz & Associates* (1983), 112 Ill. App. 3d 438, 445 N.E.2d 451, the subcontractor settled its claim and the complaint was dismissed with prejudice. The appellate court stated: "Although *such dismissal is prohibited by section 9 of the Mechanics Lien Act* [citation], *except with the consent of the other lien claimants*, there is no evidence in the record that contractor ever objected to this dismissal." (Emphasis added.) *Well Done Heating*, 112 Ill. App. 3d at 440, 445 N.E.2d at 452.

■ There is no evidence in this record that prior to the dismissal, plaintiff gave due notice, or any notice, to all parties before the court, specifically to Barnard. Further, the trial court dismissed the action without providing for any terms. In the present case, unlike *Well Done Heating*, the order of dismissal clearly notes Barnard's objections. Koglin did not comply with the requirements of the statute. Under the circumstances present here, the trial court erred in approving the voluntary dismissal with prejudice.

## CONCLUSION

For the reasons set forth in this opinion, we find the trial court erred when it ruled that Barnard, under the facts of this case, was required to timely file a separate document entitled "counterclaim." The order of voluntary dismissal is vacated and this cause is remanded for further proceedings consistent with this opinion.

Vacated and remanded.

CAMPBELL, P.J., and BUCKLEY, J., concur.