NOTICE: Under Supreme Court Rule 367 a party has 21 days after the

filing of the opinion to request a rehearing. Also, opinions are

subject to modification, correction or withdrawal at anytime prior

to issuance of the mandate by the Clerk of the Court. Therefore,

because the following slip opinion is being made available prior to

the Court's final action in this matter, it cannot be considered

the final decision of the Court. The official copy of the following

opinion will be published by the Supreme Court's Reporter of

Decisions in the Official Reports advance sheets following final

action by the Court.

                                    

              Docket No. 80695--Agenda 30--September 1996.

    NORMAN A. KOGLIN ASSOCIATES v. VALENZ ORO, INC., et al. (La Salle

       National Bank, as Trustee under Trust No.  113495, et al.,

              Appellants; H.B. Barnard Company, Appellee).

                      Opinion filed March 20, 1997.

     JUSTICE NICKELS delivered the opinion of the court:

     In this appeal, we decide whether a mechanic's lien claimant

may enforce its lien where it asserted its lien in an answer rather

than a counterclaim.

     Plaintiff, Norman A. Koglin Associates (Koglin), is an

architectural firm. One of the defendants, Valenz Oro, Inc.

(Valenz), was a tenant in a downtown Chicago building. Koglin

alleged that it entered into a contract with Valenz to perform

architectural and interior design services in connection with the

construction and improvement of Valenz's jewelry store. Koglin

further alleged that it performed the services but was not fully

paid. Koglin filed a complaint in the circuit court of Cook County

to foreclose a mechanic's lien under the Mechanics Lien Act (the

Act) (770 ILCS 60/0.01 et seq. (West 1992)). Koglin named four

defendants in the foreclosure action: Valenz, the tenant; La Salle

National Bank (La Salle), the owner of the building where the

jewelry store was located; JMB/Urban 900 Development Partners

(JMB), the manager of the building; and H.B. Barnard Company

(Barnard), the general contractor. Koglin alleged that Barnard also

had a mechanic's lien in connection with work performed on the

jewelry store. Barnard filed a pleading captioned "Answer to

Complaint to Foreclose Mechanic's Lien," in which it asserted its

lien.

     While the suit was pending and before trial, Koglin negotiated

a settlement with two of the defendants, La Salle and JMB. Barnard

was not involved in the settlement. After settlement, Koglin sought

voluntary dismissal of the entire action. Barnard objected, arguing

that its rights under its mechanic's lien had not been adjudicated.

The circuit court dismissed the entire action with prejudice. The

appellate court vacated the dismissal order and remanded, thereby

allowing Barnard to enforce its mechanic's lien. 277 Ill. App. 3d

142. Defendants La Salle and JMB filed a petition for leave to

appeal to this court (155 Ill. 2d R. 315), which was granted. We

affirm the appellate court.

                                BACKGROUND

     Koglin's complaint was filed on June 16, 1992. It stated that

Koglin provided architectural services in connection with Valenz's

jewelry store, located in Valenz's space at 900 North Michigan

Avenue. In the complaint, Koglin alleged that its work was

authorized or knowingly permitted by defendants La Salle and JMB.

Koglin further alleged that defendant Barnard also performed work

on the jewelry store. Koglin alleged, however, that its lien rights

were superior to Barnard's.

     On July 20, 1992, Barnard filed a pleading designated as an

answer. In the answer, Barnard alleged that it had also entered

into a contract with Valenz involving work on the jewelry store.

Barnard admitted the basic factual allegations of the complaint but

denied that its lien rights were subordinate and inferior to

Koglin's lien rights. Barnard alleged that it had a lien against

the premises totalling $25,725.84 plus interest. With respect to

its lien, Barnard specifically stated that "it last performed

services on the premises under its contract on or after November

23, 1991, and that it perfected its mechanics lien on the premises

by recording a copy of notice of such lien with the Recorder of

Deeds of Cook County, Illinois, on March 20, 1992, in accordance

with the Mechanics' Lien Law."

     A copy of the recorded claim for mechanic's lien was attached

as an exhibit to the answer. The claim for lien provided

information about Barnard's work and identified La Salle and JMB,

among others, as having an interest in the property. Barnard's

answer also contained a prayer for relief. In the prayer for

relief, Barnard asked the court: (1) to determine the amount of its

mechanic's lien as $25,725.84 plus interest; (2) to determine that

Barnard had a "first, prior and superior lien" against the premises

under the Act; (3) to foreclose its mechanic's lien and to order

the premises sold to satisfy any judgment; and (4) to award any

other relief the court would deem proper.

     On September 10, 1993, La Salle and JMB filed a combined

answer to the Koglin complaint. In their answer, they admitted that

Barnard had provided certain labor and materials in connection with

the construction and improvement of the jewelry store. They denied

that they knew the terms of any contract between Valenz and

Barnard, and further, they denied that they authorized or permitted

such a contract. La Salle and JMB did not object to the form of

Barnard's answer or make a motion to strike the affirmative relief

requested in Barnard's answer.

     On December 21, 1993, the circuit court held a pretrial

conference. Koglin moved to voluntarily dismiss its action because

it had resolved its claims through a settlement with La Salle and

JMB. Barnard had not been informed of Koglin's intent to seek a

voluntary dismissal at the pretrial conference. Despite Barnard's

objection, the circuit court dismissed the entire action with

prejudice.

     On January 11, 1994, Barnard filed a motion titled "Motion by

H. B. Barnard Company to Modify or Vacate the Order of December 21,

1993, to Permit Filing of Amended Complaint and to Realign

Parties." La Salle and JMB argued that, by this time, more than two

years had passed since Barnard completed its work on the jewelry

store. The Act provides that a claimant should enforce its lien

within two years of completion of the work. 770 ILCS 60/9 (West

1992). The circuit court denied Barnard's motion. The effect of

this ruling was to preclude Barnard from enforcing its mechanic's

lien against La Salle and JMB. Barnard appealed.

     The appellate court vacated the dismissal order and remanded

the cause to allow Barnard to enforce its mechanic's lien. The

appellate court relied on four alternative reasons. The court held

that: (1) Barnard's answer complied with the Act and that a

counterclaim was not required; (2) even if a counterclaim was

required, the answer should have been treated as a counterclaim

because it contained all the elements needed to state a claim; (3)

if a counterclaim was required, Barnard should have been allowed to

amend its pleading to assert a counterclaim; and (4) Koglin should

have provided notice to Barnard before Koglin sought to voluntarily

dismiss the entire action at the pretrial conference.

     On appeal, La Salle and JMB contest each of these four

reasons. We note that defendant Valenz did not file an appearance

or responsive pleading in the circuit court. Neither Valenz nor

Koglin are involved in this appeal. We begin our analysis with a

brief discussion of the Act.

                                 ANALYSIS

                   I. Overview of the Mechanics Lien Act

     Mechanic's liens were not recognized at common law and exist

only by operation of the Act (770 ILCS 60/0.01 et seq. (West

1992)). In general, the Act provides a lien to an individual who

has provided labor, material, or services in connection with the

improvement of real estate, pursuant to contract. See 770 ILCS 60/1

(West 1992). The Act prescribes the elements required to state a

claim. Section 11 provides:

               "The complaint shall contain a brief statement of

          the contract or contracts on which it is founded, the

          date, when made, and when completed, if not completed,

          why, and it shall also set forth the amount due and

          unpaid, a description of the premises which are subject

          to the lien, and such other facts as may be necessary to

          a full understanding of the rights of the parties." 770

          ILCS 60/11 (West 1992).

     The defendants in a mechanic's lien proceeding include all

persons having an interest in the premises. 770 ILCS 60/11 (West

1992). These defendants may include individuals having an ownership

interest in the property, such as tenants and landlords. When a

tenant has contracted for work that is the subject of a lien, the

lien may be enforced against the landlord if the landlord has

"authorized or knowingly permitted" work to be done on the

premises. 770 ILCS 60/1 (West 1992); see also Abbott Electrical

Construction Co. v. Ladin, 144 Ill. App. 3d 974, 978 (1986). Other

mechanic's lien claimants are also included in the proceeding. The

Act presumes that all claims and rights of interested parties can

be adjudicated in one proceeding. 770 ILCS 60/11 (West 1992).

     A contractor's rights under the Act are dependent on its

taking the necessary steps to perfect a lien. Section 7 provides

for the recording of a "claim for lien" in the office of the

recorder of the county in which the property is located. 770 ILCS

60/7 (West 1992). It also prescribes the contents of this claim for

lien. 770 ILCS 60/7 (West 1992). A contractor must record its claim

for lien within four months after completion of the work in order

to subsequently assert a lien against a "creditor or incumbrancer

or purchaser." 770 ILCS 60/7 (West 1992). The four-month recording

requirement is intended to give third parties dealing with the

property, other than those with an ownership interest, notice of

the lien. Federal Savings & Loan Insurance Corp. v. American

National Bank & Trust Co., 115 Ill. App. 3d 426, 429 (1983). If the

lien has been recorded within the four-month period, the contractor

can then seek to enforce the lien within two years of completion of

the work. 770 ILCS 60/9 (West 1992).

     The recording of a claim for lien is less significant where a

contractor seeks to enforce a lien against a party with an

ownership interest. As to a party with an ownership interest, the

contractor may record a claim for lien within two years after

completion of the contract. 770 ILCS 60/7 (West 1992). Regardless

of whether a claim for lien has been recorded, the contractor must

seek to enforce the lien within two years after completion of the

contract. 770 ILCS 60/9 (West 1992). Thus, with respect to both

owners and third parties, a contractor must assert its lien within

two years of completion of the work.

II. Section 9 of the Act

     Section 9 of the Act describes the enforcement of a lien.

Section 9 provides:

               "If payment shall not be made to the contractor

          having a lien by virtue of this act of any amount due

          when the same becomes due, then such contractor may bring

          suit to enforce his lien in the circuit court in the

          county where the improvement is located ***. Any two or

          more persons having liens on the same property may join

          in bringing such suit, setting forth their respective

          rights in their complaint; all lien claimants not made

          parties thereto may upon filing a petition to intervene

          become defendants and enforce their liens by counterclaim

          against all the parties to the suit; and the complaint

          shall not thereafter be dismissed as to any lien claimant

          *** without the consent of such lien claimant. The

          plaintiff and all defendants to such complaint may

          contest each other's right without any formal issue of

          record made up between them other than that shown upon

          the original complaint, as well with respect to the

          amount due as to the right to the benefit of the lien

          claimed: Provided, that if by such contest by co-

          defendants any lien claimants be taken by surprise, the

          court may, in its discretion, as to such claim, grant a

          continuance. The court may render judgment against any

          party summoned and failing to appear, as in other cases

          of default. Such suit shall be commenced or counterclaim

          filed within two years after the completion of the

          contract, or completion of the extra or additional work,

          or furnishing of extra or additional material

          thereunder." (Emphasis added.) 770 ILCS 60/9 (West 1992).

The parties dispute the meaning of section 9. La Salle and JMB

argue that a mechanic's lien claimant should assert its lien in a

complaint or counterclaim. Barnard argues that the Act permits the

assertion of a lien in an answer. On this issue, we agree with

La Salle and JMB.

     In reaching this conclusion, we note the history of the

statute. Prior to 1976, the statute provided that defendants could

"enforce their liens by answer to the complaint or petition in the

nature of an intervening petition, and the same shall be taken as

a counterclaim." Ill. Rev. Stat. 1975, ch. 82, par. 9. The statute

further provided that "[s]uch suit shall be commenced or answer

filed within two years after the completion of the contract ***."

Ill. Rev. Stat. 1975, ch. 82, par. 9. Thus, before 1976, a

defendant could assert its lien by answer. See, e.g., Rochelle

Bldg. Co. v. Oak Park Trust & Savings Bank, 121 Ill. App. 2d 274,

277 (1970). In 1976, the statute was amended and the portions of

the statute allowing enforcement of a lien by answer were deleted.

The amended language of the statute provides that a defendant may

enforce a lien by counterclaim. Accordingly, the amended statute

contemplates that a defendant will assert its lien by counterclaim,

rather than by answer.

     We further note that section 12 of the Act expressly provides

that the circuit court should generally use the same pleading

procedure in a mechanic's lien proceeding as is used in other civil

actions. Section 12 provides:

               "The court shall permit amendments to any part of

          the pleadings, and may issue process, make all orders,

          requiring parties to appear, and requiring notice to be

          given, that are or may be authorized in other civil

          actions and shall have the same power and jurisdiction of

          the parties and subject matter, and the rules of practice

          and proceedings in such cases shall be the same as in

          other civil cases, except as is otherwise provided in

          this act." 770 ILCS 60/12 (West 1992).

The rules of civil procedure ordinarily apply to mechanic's lien

cases, as in other civil cases.

     Barnard did not follow the proper civil pleading procedure in

asserting its lien. In civil cases, a counterclaim should be used

by a defendant to make a claim against another defendant. 735 ILCS

5/2--608(a) (West 1992). A counterclaim differs from an answer or

affirmative defense. A counterclaim is used when seeking

affirmative relief, while an answer or affirmative defense seeks to

defeat a plaintiff's claim. Section 2--608(b) of the Code of Civil

Procedure provides that "[t]he counterclaim shall be a part of the

answer, and shall be designated as a counterclaim." 735 ILCS 5/2--

608(b) (West 1992). In its pleading, Barnard should have formally

asserted its lien as a counterclaim.

     In support of its position, Barnard emphasizes certain

language of the statute to argue that the legislature changed the

rules of pleadings with respect to mechanic's liens. The statute

provides that "all lien claimants not made parties thereto [to the

complaint] may upon filing a petition to intervene become

defendants and enforce their liens by counterclaim ***." 770 ILCS

60/9 (West 1992). Barnard argues that the statute only requires

that intervening claimants file counterclaims. Barnard argues that

the statute does not require it to file a counterclaim because it

was an original party to the suit, and therefore, it may assert its

lien in an answer.

     We disagree. The statute provides that claimants who are not

involved in the original proceeding may intervene to assert their

liens. It expressly gives these claimants the right to become

involved in the proceeding. The statute, as amended, does not alter

the rules of civil procedure in connection with claimants who are

already parties to the proceeding.

     Additionally, Barnard notes that section 9 provides that

"[t]he plaintiff and all defendants to such complaint may contest

each other's right without any formal issue of record made up

between them other than that shown upon the original complaint

***." 770 ILCS 60/9 (West 1992). Barnard contends that this

language establishes a simplified pleading procedure. Barnard

argues that this language eliminates the need for the filing of

counterclaims entirely.

     We also reject this argument. Although the statute provides

that the parties "may contest each other's right without any formal

issue of record," it still contemplates that they will assert their

claims as in other civil cases. Mechanic's lien litigation often

involves a number of counterclaims by claimants and by other

parties claiming an interest in the property. This provision simply

makes it easier to challenge the liens asserted by others. It does

not affect how liens should be asserted in the first place.

                  III. Liberal Construction of Pleadings

     Even though Barnard failed to formally assert a counterclaim,

it prevails on other grounds. The appellate court held that, even

if Barnard should have asserted its lien by counterclaim, Barnard's

pleading should be liberally construed. The court determined that

Barnard's assertion of the lien and request for affirmative relief

should be treated as the functional equivalent of a counterclaim.

We agree.

     As noted, section 12 of the Act adopts the same general rules

of procedure that apply in other civil cases. The Code of Civil

Procedure is to be liberally construed, so that cases are decided

on the basis of the substantive rights of the litigants. 735 ILCS

5/1--106 (West 1992); Superior Bank FSB v. Golding, 152 Ill. 2d

480, 486 (1992). It also states that "[n]o pleading is bad in

substance which contains such information as reasonably informs the

opposite party of the nature of the claim or defense which he or

she is called upon to meet." 735 ILCS 5/2--612(b) (West 1992).

Section 2--603(c) further provides that "[p]leadings shall be

liberally construed with a view to doing substantial justice

between the parties." 735 ILCS 5/2--603(c) (West 1992). "Pleadings

are not intended to create obstacles of a technical nature to

prevent reaching the merits of a case," but instead are intended

"to facilitate the resolution of real and substantial

controversies." People ex rel. Scott v. College Hills Corp., 91

Ill. 2d 138, 145 (1982); see also Geary v. Dominick's Finer Foods,

Inc., 129 Ill. 2d 389, 407-08 (1989).

     Given these principles, the circuit court should have

liberally construed the affirmative relief requested in the answer.

Section 2--608(c) of the Code of Civil Procedure provides that a

counterclaim "shall be pleaded in the same manner and with the same

particularity as a complaint." 735 ILCS 5/2--608(c) (West 1992).

Barnard did, in fact, allege the elements needed to state a claim

under the Act. It alleged that Barnard and Valenz entered into a

contract on October 15, 1991, that the work was completed on

November 23, 1991, and that the amount due was $25,725.84 plus

interest. Barnard further alleged that it recorded its claim for

mechanic's lien in the recorder's office and attached the claim for

lien as an exhibit. See 735 ILCS 5/2--606 (West 1992) (written

instrument attached to pleading "constitutes a part of the pleading

for all purposes"). The claim for lien contained a legal

description of the property and asserted a claim "against the

interest" of La Salle and JMB, among others. In its prayer for

relief in the answer, Barnard asserted its lien and sought

foreclosure based on the lien. As the appellate court stated,

"[t]he only thing missing from the document was the word

`counterclaim.' " 277 Ill. App. 3d at 151. Accordingly, Barnard's

claim should not have been dismissed without its consent. See 770

ILCS 60/9 (West 1992); 735 ILCS 5/2--1009 (West 1992).

     La Salle and JMB argue that the Act is in derogation of the

common law and the provisions of the Act are to be strictly

construed. The strict construction rule, however, applies to the

provisions of the Act that specify the substantive requirements

upon which the right to a lien is based. The procedure established

in the Act for perfecting a lien must be strictly followed in order

to create the lien. See, e.g., Mutual Services, Inc. v. Ballantrae

Development Co., 159 Ill. App. 3d 549, 552-53 (1987) (contractor's

failure to timely record a claim for lien within four months of

completion of the work made lien unenforceable against third

parties). In light of section 12, the strict construction rule does

not generally apply to technical objections to pleadings. See

United Cork Cos. v. Volland, 365 Ill. 564, 572 (1937) (strict

construction rule is applied where a "material requirement of the

statute" is lacking but was not intended "as a pitfall to the

unwary, in good faith pursuing the path marked by the statute, nor

as an ambuscade from which an adversary can overwhelm him for an

immaterial misstep"); Fitzgerald v. Van Buskirk, 96 Ill. App. 2d

432, 434-40 (1968) (allegations in complaint construed liberally);

see also Abbott Electrical Construction Co. v. Ladin, 144 Ill. App.

3d 974, 981 (1986); Armco Steel Corp. v. La Salle National Bank, 31

Ill. App. 3d 695, 699 (1975).

                        IV. Amendment of Pleadings

     Alternatively, the appellate court held that Barnard should be

allowed to enforce its lien on a separate, but related, ground.

Section 12 of the Act permits amendments to any part of the

pleadings, as allowed generally in civil cases. 770 ILCS 60/12

(West 1992). Even if Barnard's pleading could not be liberally

construed, the appellate court held that the trial judge should

have allowed Barnard to amend its answer to formally assert a

counterclaim. We agree.

     We note that Barnard sought to file an amended pleading more

than two years after it completed its work. Section 2--616(b) of

the Code of Civil Procedure, however, provides that an amended

pleading may relate back to the date of filing of the original

pleading. Specifically, section 2--616(b) provides:

               "(b) The cause of action, cross claim or defense set

          up in any amended pleading shall not be barred by lapse

          of time under any statute or contract prescribing or

          limiting the time within which an action may be brought

          or right asserted, if the time prescribed or limited had

          not expired when the original pleading was filed, and if

          it shall appear from the original and amended pleadings

          that the cause of action asserted, or the defense or

          cross claim interposed in the amended pleading grew out

          of the same transaction or occurrence set up in the

          original pleading, *** and for the purpose of preserving

          the cause of action, cross claim or defense set up in the

          amended pleading, and for that purpose only, an amendment

          to any pleading shall be held to relate back to the date

          of the filing of the original pleading so amended." 735

          ILCS 2--616(b) (West 1992).

In applying section 2--616(b), this court recently stated:

          "The purpose of the relation back provision has been

          construed as the preservation of causes of action ***

          against loss by reason of technical rules of pleading.

          [Citation.] To further this purpose, courts should

          liberally construe the requirements of section 2--616(b)

          in order to allow the resolution of litigation on the

          merits and to avoid elevating questions of form over

          substance. [Citation.] The rationale behind the same

          transaction or occurrence rule is that a defendant will

          not be prejudiced by an amendment so long as `his

          attention was directed, within the time prescribed or

          limited, to the facts that form the basis of the claim

          asserted against him.' [Citation.]" Boatmen's National

          Bank v. Direct Lines, Inc., 167 Ill. 2d 88, 102 (1995).

See also Wolf v. Meister-Neiberg, Inc., 143 Ill. 2d 44, 47-48

(1991) (an amended pleading will relate back where a defendant has

information about the claim and will not be prejudiced).

Although both Boatmen's National Bank and Wolf involved amendments

to a complaint, the same principle applies here.

     We further note that section 2--616, and its predecessors,

have been applied in mechanic's lien cases to preserve claims. See

Douglas Lumber Co. v. Chicago Home for Incurables, 380 Ill. 87

(1942) (amendment to complaint was timely even though made after

time for bringing suit had expired because amended complaint

related back to date of filing of original complaint); Charles A.

Hohmeier Lumber Co. v. Knight, 350 Ill. 248 (1932) (amended

complaint would relate back to date of filing of original complaint

where amended complaint introduced no new claim or ground for

relief); Martinez v. Knochel, 123 Ill. App. 3d 555 (1984)

(subcontractor was allowed to amend answer after two years from

completion of work to assert counterclaim where the subcontractor

asserted a timely claim in its answer); Ceco Corp. v. Bank of

Hickory Hills, 126 Ill. App. 3d 188, 191 (1984) (strict

construction rule did not apply to proposed amendment to complaint

where the plaintiff named the correct party but the wrong trust

number because "[a]mending the pleadings to name the correct trust

number would not have prejudiced any substantial right of defendant

Bank"); cf. C.S. Lewis, Inc. v. Cabot Corp., 85 Ill. App. 3d 708

(1980) (appearance, which did not set forth any transaction or

occurrence, was not sufficient to serve as original pleading that

could be amended after the two-year period expired). Given that the

answer was timely filed and asserted the elements needed for a

claim under the Act, Barnard should have been allowed to amend its

answer to explicitly assert a counterclaim. Essentially, Barnard

sought to do so by attempting to file an "amended complaint."

Accordingly, the circuit court erred in failing to apply section 2-

-616 in the instant case.

     In arguing that the answer cannot be amended, La Salle and JMB

rely primarily on Well Done Heating & Sheet Metal Co. v. Ralph

Schwartz & Associates, 112 Ill. App. 3d 438 (1983). In Well Done

Heating, a contractor was named as a defendant in a foreclosure

suit. As here, the contractor filed an answer but did not file a

counterclaim within the statutory two-year period. Later, the

contractor sought to amend its answer to add a counterclaim.

     Well Done Heating is distinguishable from the instant case. In

Well Done Heating, the contractor did not, in any manner, assert

its lien within the requisite two-year period or seek foreclosure.

The contractor did not seek to enforce its lien at all until six

years after the work was completed. In fact, the contractor first

asserted its lien two years after the suit was settled and the

complaint dismissed with prejudice. Based on these facts, the Well

Done Heating court properly refused to allow the contractor to

amend its answer to assert a counterclaim:

               "While Illinois allows a party to amend its

          pleading, even sometimes to the extent of altering the

          nature of the claim previously made, it is still the law

          that generally an amendment asserting a new cause of

          action is not permitted once the statute of limitations

          has expired [citations], particularly where, as here,

          there had been no attempt of any kind to set forth the

          claim prior to the running of the statute." (Emphasis

          added.) Well Done Heating, 112 Ill. App. 3d at 443-44.

Here, in contrast, Barnard asserted its lien prior to the running

of the two-year period and sought foreclosure. Barnard asserted its

lien in a timely manner although it failed to correctly label its

lien as a counterclaim.

     In Well Done Heating, 112 Ill. App. 3d at 445, the court also

stated that the answer could not be amended to assert a claim

against "new" defendants. Relying on Well Done Heating, La Salle

and JMB argue that they were not specifically named as defendants

in Barnard's pleading. Thus, they argue that they are also "new"

defendants. La Salle and JMB contend that Barnard did not seek to

assert its lien against them specifically until after the two-year

period had passed. They argue that a party seeking relief against

others should name those other parties in the body of its pleading.

See 735 ILCS 5/2--401(c) (West 1992).

     Given the circumstances of this case, we reject this argument.

La Salle and JMB were parties to the foreclosure suit brought by

Koglin. They were not new parties. They were served with copies of

Barnard's answer and were on notice of Barnard's lien and the

relief it sought at an early point in the proceedings. They were

clearly implicated given the nature of the foreclosure proceeding,

the prayer for relief in Barnard's answer, and the language of

Barnard's claim for lien. To the extent the analysis in Well Done

Heating is inconsistent with this analysis, we reject it.

                                CONCLUSION

     Barnard asserted its lien in a timely manner although it

failed to correctly label its claim as a counterclaim. Under the

facts of this case, the circuit court should have either liberally

construed the answer or allowed an amendment to the answer. We

express no opinion on the ultimate outcome of the litigation on

remand to the circuit court. For the foregoing reasons, the

judgment of the appellate court is affirmed.

                                                                  Affirmed.